UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Lenford Williams, Jr., #98948-071, ) C/A No. 2:10-cv-00731-RMG
)
Petitioner, )
)
vs. )
)
Linda Sanders, Warden, and ) REPORT AND RECOMMENDATION
Attorney General of the United States, )
)
Respondents. )
)

The petitioner, Lenford Williams, Jr. ("Petitioner"), proceeding *pro se*, brings this action allegedly pursuant to 28 U.S.C. § 2241 for habeas relief.[1] It appears that Petitioner is a federal inmate incarcerated in Forrest City, Arizona. Petitioner paid the full filing fee. In this action, Petitioner requests that his conviction and sentence be dismissed because they are void and unconstitutional.

## *Pro Se* Habeas Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25

---

1) Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

1

(1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 9. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, this court is charged with screening the plaintiff's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district

2

court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

## Background

It appears that in 2003 Petitioner was indicted on several criminal charges in this district court. *See United States v. Lenford Williams, Jr.*, Cr. No. 4:03-474-CWH.[2] On December 29, 2003, Petitioner entered a guilty plea before Judge Houck to one count of conspiracy to distribute and to possess with intent to distribute 50 grams or more of crack cocaine. *Id.* at Docket Entries 636-637. On March 10, 2004, a sentencing hearing was held before Judge Houck, and Petitioner received a 168-month sentence of imprisonment. *Id.* at Docket Entries 688,700. On March 11, 2005, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. *See Lenford Williams, Jr. v. United States*, C/A No. 4:05-779-CWH. It appears that at the time he filed his § 2255 motion Petitioner was incarcerated at a federal facility in Edgefield, South Carolina. On November 21, 2007, Judge Houck granted the government's motion for summary judgment and denied Petitioner's § 2255 motion. *Id.* at Docket Entries 14-15.

---

2) It is appropriate for this District Court to take judicial notice of the petitioner's prior cases. *See Aloe Creme Lab., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (noting that the District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

On March 8, 2010, the Clerk of Court opened Petitioner's current habeas action filed pursuant to 28 U.S.C. § 2241. Petitioner is apparently incarcerated at a federal facility in Forrest City, Arizona. Petitioner in this case seems to attack the validity of his federal conviction and sentence. Petitioner argues, among other things, that he is actually innocent of the alleged crime, that the statute for which he was convicted was not enacted into positive law and is unconstitutional, that the crack-to-cocaine ratio used to sentence him was unconstitutional, that the orders against him in the criminal case were obtained in violation of the Due Process Clause, that this court lacked subject matter jurisdiction in his criminal case, and that the conviction against him is void. Petitioner notes that he filed this habeas petition in the court of his incarceration (presumably Arizona) and in the court where he was convicted (the United States District Court for the District of South Carolina) "in order to insure (sic) no delay occurs due to transfers of jurisdiction or venue related to this matter." (Pet. at 1-2.) Petitioner attached various documents to his habeas petition to support his argument that a 1-to-1 crack-to-cocaine ratio should have been applied at his sentencing.

## Discussion

Whether Petitioner is bringing a habeas petition pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2255 is somewhat unclear. His

4

petition designates § 2241 as the appropriate statute, but his request for this sentencing court to dismiss his conviction and sentence as void and unconstitutional sounds appropriate under § 2255. Generally, a § 2241 habeas petition "'attacks the execution of a sentence rather than its validity,' whereas a § 2255 motion 'attacks the legality of detention.'" *Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212 (D.S.C. April 7, 2009) (citation omitted). Challenges to the execution or implementation of a federal prisoner's sentence usually involve "parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers." *See Manigault v. Lamanna*, C/A No. 8:06-47-JFA-BHH, 2006 WL 1328780 at *1, fn.4 (D.S.C. May 11, 2006). However, § 2255 does contain a savings clause which permits a district court to consider a § 2241 petition challenging the validity of the petitioner's detention when a § 2255 petition is "inadequate or ineffective to test the legality of his detention." *Id.* (citing 28 U.S.C. § 2255).

If this action is pursuant to 28 U.S.C. § 2241 either under the savings clause or because it relates to the execution of Petitioner's sentence, it must be filed in a court which has authority to issue a writ of habeas corpus to Petitioner's custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Here, the immediate custodian of Petitioner is the warden of the federal correctional facility in Forrest City, Arizona, which

presumably is respondent Linda Sanders. This court cannot issue the Great Writ, even if the merits of the case required it, to a custodian such as an Arizona warden who is located outside of the District of South Carolina. *Id.* Thus, this court lacks jurisdiction over Petitioner's habeas action filed under § 2241.

If, on the other hand, Petitioner is attempting to bring a habeas action under § 2255, although he does not mention it in his documents filed with the court, Petitioner has already brought a previous § 2255 action in this court which was decided in favor of the United States on November 21, 2007. *See Lenford Williams, Jr. v. United States*, C/A No. 4:05-779-CWH at Docket Entries 14-15. If Petitioner desires to bring a "second or successive" motion under § 2255, Petitioner must receive permission to do so from the court of appeals in which circuit the district court sits, in this case, the Fourth Circuit. *See* Title 28 U.S.C. § 2255; 28 U.S.C. § 2244(a).

### Recommendation

Accordingly, it is recommended that the above-captioned case be dismissed *without prejudice* and *without requiring the respondent to file a return*. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent); and the Anti-Terrorism and Effective Death Penalty Act

of 1996, Pub. L. 104-132, 110 Stat. 1214. *The petitioner's attention is directed to the important notice on the next page.*

                                                            Robert S. Carr
                                                            United States Magistrate Judge

March 24, 2010
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).