Lenford Williams, Jr., #98948-071, )
) C/A No. 2:10-558-MBS
Petitioner, )
)
vs. )
) **OPINION AND ORDER**
Linda Sanders, Warden, and )
Attorney General of the United States, )
)
Respondents. )
)

Petitioner Lenford Williams, Jr. ("Petitioner") is an inmate being housed at a federal prison in Forrest City, Arizona. Petitioner brings this *pro se* action pursuant to 28 U.S.C. § 2241. Entry 1. In his petition, Petitioner states that he is "moving the court for immediate relief from his unlawful constraints which are in violation of the Constitution and laws of the United States." Id. at 1. Petitioner asks this court to "issue an order dismissing his case or reducing his sentence as required by law." Id. Petitioner states that he "also brings this petition in the court for which Petitioner is incarcerated" in Arizona, and that he is "providing a courtesy copy of the petition to the court of his original sentence, if necessary, in order to insure no delay occurs due to transfers of jurisdiction or venue related to this matter." Id. at 1-2.

On April 23, 2003, Petitioner was indicted on several drug-related charges in this district court (Cr. No. 4:03-474-CWH). Entry 1. On December 29, 2003, Petitioner pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine. Entries 636 and 637. On March 12, 2004, The Honorable Judge C. Weston Houck entered a judgment sentencing Petitioner to a 168-month prison term. Entry 700. Petitioner filed a *pro se*

motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on March 11, 2005 (4:05-779-CWH). Judge Houck entered an order denying Petitioner's § 2255 petition on November 21, 2007. Entry 14. Petitioner filed the instant petition on March 8, 2010. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. The Magistrate Judge reviewed the petition pursuant to the provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and applicable precedents. On March 24, 2010, the Magistrate Judge issued an Report and Recommendation, in which he determined that (1) this court lacks jurisdiction to consider Petitioner's § 2241 petition; and (2) to the extent Petitioner is attempting to file a second or successive § 2255 petition, Petitioner must first seek permission to do so from the United States Court of Appeals for the Fourth Circuit. The Magistrate Judge recommended that this case be dismissed without prejudice and without requiring Respondent to file a return.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

In response to the Magistrate Judge's determination that this court does not have jurisdiction

to consider Petitioner's § 2241 petition, Petitioner states:

> The court claims that Petitioner should have filed his habeas petition in the court where Petitioner is incarcerated pursuant to rules according to 28 USC 2241, et seq. It is common knowledge that the courts often refer 2241 petitions back to the court of incarceration. Petitioner will refile the petition in the court where he is inacarcerated, and send a courtesy copy to this court so Petitioner does not get in a legal battle regarding which court Petitioner is in.
>
> Premises considered, Petitioner therefore is refiling this petition in Petitioner's court of incarceration, and will be sending a courtesy copy to this court for their review and/or filing. However, due to the lack of jurisdiction in this case, this court so (sic) sua sponte issue an order for dismissal of the indictment and conviction in this case.

Entry 9 at 4-5. Petitioner appears to concede that his § 2241 petition should be filed in the district where Petitioner's immediate custodian is located, yet he appears to assert that this court should dismiss his indictment and conviction on its own motion. As the Magistrate Judge correctly determined, this case should be dismissed because this court has no jurisdiction to issue a writ of habeas corpus against the warden of the federal correctional facility in Forrest City, Arizona where Petitioner is incarcerated. See 28 U.S.C. § 2241(b) (stating that "[w]rits of habeas corpus may be granted by . . . the district courts and any circuit judge within their respective jurisdictions"); Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (interpreting 28 U.S.C. § 2241(b) "to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian'") (citing Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495 (1973); Id. at 444 (stating that "the plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement").[1]

---

[1] The Magistrate Judge also correctly determined that to the extent Petitioner is attempting to file a second § 2255 motion, Petitioner must first obtain pre-filing authorization from the Fourth Circuit. See 28 U.S.C. § 2244(b)(3).

3

Accordingly, this case is hereby **dismissed** *without prejudice and without requiring Respondent to file a return*. The court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

**IT IS ORDERED.**

s/Margaret B. Seymour<br>
United States District Judge

May 18, 2010
Columbia, South Carolina